```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


JENNIFER CUNNINGHAM,            )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 4:08 CV 1572 DDN
                                )
FLEET-CAR LEASE, INC.,          )
                                )
            Defendant.          )
```

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendant Fleet-Car Lease, Inc. to quash the plaintiff's notice of deposition for Dr. Rudolph Catanzoro. (Doc. 28.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 8.) The court held a hearing on November 2, 2009.

## I. BACKGROUND

On October 10, 2008, plaintiff Jennifer Cunningham commenced this action against Fleet-Car Lease, Inc. (Fleet-Car) for injuries she allegedly received from a car crash on January 8, 2008. (Doc. 1 at ¶¶ 18-20.) According to the amended complaint, Mark W. Vigil was driving the tractor trailer truck that crashed into Cunningham, and he was acting as an agent of Fleet-Car at the time of the accident. (Doc. 14 at ¶¶ at 13-14, 19.) The amended complaint further alleges that Fleet-Car is an interstate motor carrier and trucking transport company, subject to the Federal Motor Carrier Safety Regulations. (Id. at ¶ 11.)

On September 24, 2009, Cunningham served a notice of deposition of the custodian of records for Dr. Catanzoro. (Doc. 28, Ex. A.) The notice directed Dr. Catanzoro to

> Bring all medical examinations and supporting records of Mark Vigil. This includes but is not limited to your complete file from the 9/21/07 exam and the 9/23/05 exam and supporting documents. Please have Mr. Vigil's complete file ready for inspection. If any records are on the computer, print hard copies for inspection to avoid the necessity of a computer search.

(Id.)

## II. MOTION TO QUASH

Fleet-Car moves to quash this notice of deposition. (Doc. 28.) Fleet-Car argues that these records are protected by the Health Insurance Portability and Accountability Act (HIPAA) and the patient-physician privilege under Missouri law. Fleet-Car further argues that Vigil is not a party to this lawsuit, and has not given Dr. Catanzoro permission to disclose these records. (Doc. 29.)

In response, Cunningham argues that the requested records are not covered by the patient-physician privilege because they relate to a Department of Transportation examination, and not a medical examination. (Docs. 30, 31.)

## III. DISCUSSION

On September 23, 2005, Dr. Catanzaro completed a medical form on behalf of Vigil. (Doc. 31, Ex. 3.) The form was entitled "Medical Examination Record," and stated it was "FOR COMMERCIAL DRIVER FITNESS DETERMINATION." (Id.) The form required Dr. Catanzaro to take Vigil's history and to perform an examination. (Id.) According to the completed form, Dr. Catanzaro conducted a vision test, a hearing test, checked Vigil's blood pressure and pulse, checked a urine sample, and completed a physical examination. (Id.) After performing these tests, Dr. Catanzaro noted that Vigil was in good general health, and certified that he met the standards in 49 C.F.R. § 391.41, and qualified for a two-year certificate. (Id.) On September 21, 2007, Dr. Catanzaro conducted another examination and completed the same form. (Doc. 31, Ex. 2.) Once again, he noted that Vigil was in good general health, and certified that he met the standards of 49 C.F.R. § 391.41, and qualified for a two-year certificate. (Id.)

Under § 391.41, a driver cannot operate a commercial motor vehicle unless he or she has been medically certified as physically qualified to do so. 49 C.F.R. § 391.41(a)(1)(i). When on duty, a driver must carry with him or her a copy of this medical certificate. Id. Because these medical examinations are needed to meet federal regulations, they are not

considered to be examinations for the purpose of prescription or treatment. State ex rel. Hayter v. Griffin, 785 S.W.2d 590, 596 (Mo. Ct. App. 1990). And under Missouri law, the physician-patient privilege only protects information the physician acquires for the purpose of prescription or treatment. Id. Taken together, "[r]ecords pertaining to a [commercial driver's license] medical examination are not within the scope of the physician-patient privilege." Jackson v. Wiersema Charter Serv., Inc., No. 4:08 CV 27 JCH, 2009 WL 1798389, at *1 (E.D. Mo. June 24, 2009).

Fleet-Car also argues that these records are protected by HIPAA. However, HIPAA regulations authorize a covered entity to disclose protected health information for judicial proceedings, without requiring the individual's permission. 45 C.F.R. 164.512(e)(1)(i). "A covered entity may disclose protected health information in the course of any judicial [] proceeding: [i]n response to an order of a court [], provided that the covered entity discloses only the protected health information expressly authorized by such order." Id.

## IV.  CONCLUSION

For the reasons state above,

**IT IS HEREBY ORDERED** that the motion of defendant Fleet-Car Lease, Inc. to quash the plaintiff's notice of deposition for Dr. Rudolph Catanzaro (Doc. 28) is denied. All records pertaining to Dr. Catanzaro's medical examinations of Mark Vigil on September 23, 2005, and on September 21, 2007, must be provided. Plaintiff may issue a new notice of deposition and/or subpoena for the deposition.

　　　　　　　　　　　　　　　　　　　/S/   David D. Noce    
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on November 20, 2009.